Rivera, Recurrente, *v.* El Registrador de Arecibo, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la inscripción de una escritura de compraventa.

No. 531.—Resuelto en julio 6, 1922.

Bienes de Menores — Autorización Judicial — Transacción. — En el presente caso la madre, para evitar un pleito y por tratarse de bienes cuyo valor expresó en la escritura que era inferior a $500, traspasó sin autorización judicial, amparándose en el artículo 1712 del Código Civil, ciertos derechos reales de sus hijos menores. Recurrida la nota que denegó la inscripción, *se resolvió:* que demostrando la escritura que se trataba de una venta y no de una transacción, la inscripción fué propiamente denegada.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. V. Polanco de Jesús.*

El registrador recurrido no compareció.

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Se presentó al Registro de la Propiedad de Arecibo, para su inscripción, una escritura de compraventa sobre cierto con-

dominio en una finca rústica, otorgada por Candelaria Ro-
dríguez Salgado, como madre con patria potestad de sus me-
nores hijos y se hace constar que la venta se verifica haciendo
uso de la facultad que concede el artículo 1712 del Código
Civil Revisado, con el objeto de evitar un pleito y por tra-
tarse de bienes cuyo valor es menor de quinientos dólares.

El registrador denegó la inscripción y fundó su negativa
en la siguiente nota:

"DENEGADA la inscripción solicitada, porque Candelaria Rodrí-
guez Salgado, vende el derecho de condominio que a sus menores
hijos corresponde en la finca, sin estar autorizada para ello por la
corte de distrito, lo que es contrario al precepto terminante del ar-
tículo 229 del Código Civil, y a lo resuelto por la Corte Suprema
en el caso 23 D. P. R. 473 y en el de *Acosta et al.* v. *El Registrador*,
(13 enero de 1921) y porque no se trata de una finca esencialmente
indivisible, sino de una parcela de terreno de fácil división material
y adjudicación, en cuyo caso bastaría que sólo interviniera la repre-
sentante legal de las menores (artículos 413 y 1027 del Código
Civil) ✳ ✳ ✳ ."

Dicha nota ha sido recurrida y es objeto del recurso que
vamos a considerar.

Según los términos de la escritura el comprador había
comprado a la madre de los menores la mitad proindivisa
de la finca y la razón de obtener ahora la otra mitad perte-
neciente a dichos menores es porque se ha tratado de dividir
la comunidad existente en la finca entre el recurrente y los
menores, pero debido a que el terreno es poco y las casas
que contiene no están todas en el mismo estado de conser-
vación, no ha sido posible llegar a un acuerdo satisfactorio
entre ambas partes, de modo que la venta al recurrente es
un medio de transacción y era la manera de evitar un pleito.
Se expone, además, que como la madre ni sus menores hijos
tienen otros bienes de que disponer ella se ha visto obligada
a ser la vendedora.

Esta última consideración sería bastante para justificar

plenamente la nota del registrador al apreciar que se trata de una simple venta y no de una transacción. Si existe una necesidad para vender es la corte competente la que puede decidir ese extremo por ser indispensable en ese caso la autorización judicial, según dispone el artículo 229 del Código Civil Revisado, como quedó enmendado por la Ley No. 33 de 1911, y las decisiones que cita el registrador en su nota. Además, en el caso de *Acosta et al.* v. *El Registrador,* 29 D. P. R. 9, que es muy análogo al presente y en donde se interpreta el artículo 1712 del Código Civil Revisado, se dijo por esta corte que la Ley No. 33 de 1911 prohibe cualquier enajenación de inmuebles concerniente a menores sea o no hecha para llegar a una transacción.

No siendo, pues, una transacción y sí una venta el contrato a que se contrae la escritura objeto de este recurso, la nota del registrador debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.